**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ARTHUR GONZALES,

      Plaintiff,

v.                                                                                              CV No. 19-554 CG

ANDREW SAUL,
Commissioner of the Social
Security Administration,

      Defendant.


## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** is before the Court on Plaintiff Arthur Gonzales' *Motion to Reverse and Remand for a Rehearing With Supporting Memorandum* (the "Motion"), (Doc. 17), filed November 20, 2019; Defendant Commissioner Andrew Saul's *Response to Plaintiff's Motion to Reverse and Remand the Administrative Decision* (the "Response"), (Doc. 21), filed February 24, 2020; and Mr. Gonzales' *Reply in Support of Plaintiff's Motion to Reverse and Remand for a Rehearing* (the "Reply"), (Doc. 22), filed March 9, 2020.

Mr. Gonzales filed an application for disability insurance benefits on September 9, 2015. (Administrative Record "AR" 100). In his application, Mr. Gonzales alleged disability beginning September 1, 2014. (AR 218). Mr. Gonzales claimed he was limited in his ability to work due to post-traumatic stress disorder ("PTSD"), sleep apnea, tinnitus, hemorrhoids, gout, gastroesophageal reflux disease ("GERD"), bilateral hearing loss, a bilateral knee condition, and a bilateral wrist condition. (AR 244). Mr. Gonzales' application was denied initially on August 9, 2016, and denied upon reconsideration on December 14, 2016. (AR 123, 138).

At Mr. Gonzales' request, a hearing was held on April 18, 2018, before Administrative Law Judge ("ALJ") Stephen Gontis. (AR 56, 155). Mr. Gonzales and Nicole King, an impartial vocational expert ("VE"), testified at the hearing. (AR 56). Mr. Gonzales was represented by his attorney, Laura Johnson. (AR 56). On October 9, 2018, the ALJ issued his decision, finding Mr. Gonzales not disabled at any time between his alleged onset date, September 1, 2014, through the date of the decision. (AR 49). Mr. Gonzales requested review by the Appeals Council, (AR 215), which was denied, (AR 1-3), making the ALJ's decision the Commissioner's final decision for purposes of this appeal.

In his Motion, Mr. Gonzales argues the following errors require remand: (1) the Appeals Council erred in determining additional evidence submitted after the ALJ's decision was not new, material, and chronologically pertinent, (Doc. 17 at 12-17); (2) the ALJ improperly weighed opinions from the psychiatric consultative examiner and Mr. Gonzales' treating psychiatrist, (Doc. 17 at 17-24); and (3) the ALJ's residual functional capacity ("RFC") is not supported by substantial evidence, (Doc. 17 at 24-27).

The Court has reviewed the Motion, the Response, the Reply, and the relevant law. Additionally, the Court has meticulously reviewed the administrative record. Because the Appeals Council erred in determining additional evidence submitted by Mr. Gonzales was not new, material, and chronologically pertinent, the Court finds Mr. Gonzales' Motion should be **GRANTED**.

## I.      Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir.

2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992)). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). The Commissioner's "failure to apply the correct legal standards, or to show . . . that she has done so, are also grounds for reversal." *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) (citing *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for the Commissioner's. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g) (2018), which is generally the ALJ's decision, rather than the Appeals Council's denial of review. *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While the Court may not re-weigh the evidence or try the issues *de novo*, its examination of the record must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from

being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)) (alteration made).

## II.     Applicable Law and Sequential Evaluation Process

For purposes of supplemental security income and disability insurance benefits, a claimant establishes a disability when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 42 U.S.C. § 1382c (a)(3)(A) (2018); 20 C.F.R. §§ 404.1505(a), 416.905(a) (2012). In order to determine whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process ("SEP"). *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920 (2012).

At the first four steps of the SEP, the claimant bears the burden of showing: (1) he is not engaged in "substantial gainful activity"; (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) his impairment(s) meet or equal one of the "listings"[1] of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i–iv); *see also Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If the ALJ determines the claimant cannot engage in past relevant work, the ALJ will proceed to step five of the evaluation process. At step five, the Commissioner bears the burden of showing that the claimant

---

1.      20 C.F.R. pt. 404, subpt. P, app. 1.

is able to perform other work in the national economy, considering the claimant's RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1261.

### III.    Background

In his application for disability benefits, Mr. Gonzales alleged he was limited in his ability to work due to PTSD, sleep apnea, tinnitus, hemorrhoids, gout, GERD, bilateral hearing loss, a bilateral knee condition, and a bilateral wrist condition. (AR 244).  At step one, the ALJ determined Mr. Gonzales had not engaged in substantial gainful activity from January 2016 through December 2017. (AR 41). At step two, the ALJ found Mr. Gonzales had the severe impairments of depression and PTSD. (AR 41-42). At step three, the ALJ determined Mr. Gonzales' impairments did not meet or equal one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526 (2017). (AR 42). The ALJ then found Mr. Gonzales had the RFC to perform "a full range of work at all exertional levels" with non-exertional limitations in his abilities to perform simple, routine tasks; occasionally interact with supervisors, co-workers, and the public; and adapt to changes in a routine work setting. (AR 43).

In formulating Mr. Gonzales' RFC, the ALJ stated he considered Mr. Gonzales' symptoms and the extent to which those symptoms could reasonably be accepted as consistent with the objective medical and other evidence, as required by 20 C.F.R. § 404.1529 (2017) and Social Security Ruling ("SSR") 16-3p. (AR 43). In addition, the ALJ stated he considered opinion evidence consistent with the requirements of 20 C.F.R. § 404.1527 (2017). (AR 43). The ALJ concluded that some of Mr. Gonzales' impairments could be expected to cause his alleged symptoms, but he found the intensity, persistence, and limiting effects Mr. Gonzales described were not entirely consistent with the evidence in the record. (AR 44).

As for the opinion evidence, the ALJ stated he gave "significant weight" to the opinions of the state agency physicians and psychologists. (AR 46). Next, the ALJ gave "limited weight" to the opinion of psychological consultative examiner, Warren Steinman Ph.D., because it was not supported by or consistent with the medical evidence. (AR 46-47, 913). The ALJ also gave "limited weight" to the opinion of Elizabeth Davidson M.D., Mr. Gonzales' treating psychiatrist, because it also was not supported by or consistent with the medical evidence. (AR 47, 1236-1240). Finally, the ALJ gave "limited weight" to the Department of Veterans Affairs' determination that Mr. Gonzales had a ninety percent service-connected disability. (AR 47). Again, the ALJ found this assessment was not supported by or consistent with the medical evidence and Mr. Gonzales' function report. (AR 47).

At step four, the ALJ found Mr. Gonzales was unable to perform his past relevant work as a heavy equipment operator, personnel specialist, recruiter, and runner. (AR 48). At step five, the ALJ determined Mr. Gonzales had at least a high school education and could communicate in English. (AR 48). Relying on the VE's testimony, the ALJ found that considering Mr. Gonzales' age, education, work experience, and assessed RFC, he could perform other work as a dishwasher, janitor, and stocker. (AR 48-49). After finding Mr. Gonzales was able to perform work existing in significant numbers in the national economy, the ALJ concluded he was "not disabled," as defined by 20 C.F.R. § 404.1520(g), and ended his analysis at step five. (AR 49). Mr. Gonzales requested review of the decision by the Appeals Council. (AR 215). The Appeals Council affirmed the ALJ's denial of Mr. Gonzales' claim for disability benefits. (AR 1-3).

## IV.     Analysis

Mr. Gonzales presents three arguments in his Motion. (Doc. 17). First, he argues the Appeals Council erred in finding his submitted evidence was not new, material, and chronologically pertinent. *Id.* at 12-17. Second, Mr. Gonzales asserts the ALJ improperly weighed the opinions of Drs. Steinman and Davidson. *Id.* at 17-24. Finally, Mr. Gonzales contends the ALJ's RFC assessment is not supported by substantial evidence. *Id.* at 24-27. In response, the Commissioner contends the Appeals Council reasonably concluded Mr. Gonzales' newly submitted evidence was not chronologically pertinent. (Doc. 21 at 12). Next, the Commissioner asserts the ALJ properly assessed and discounted the opinions of Drs. Steinman and Davidson. *Id.* at 8-10. Finally, the Commissioner argues the ALJ's RFC is supported by substantial evidence. *Id.* at 11-13.

### a.     Appeals Councils' Review

In his Motion, Mr. Gonzales first argues the Appeals Council erred in refusing to review evidence he submitted by Robert Krueger, Ph.D. and Dr. Davidson. (Doc. 17 at 12-17). In turn, the Commissioner argues the Appeals Council considered the evidence, but found it did not affect the ALJ's decision that Mr. Gonzales was not disabled and therefore "reasonably concluded [it]…was not chronologically relevant." (Doc. 21 at 11-12) (alterations made).

Whether evidence qualifies for consideration by the Appeals Council is a question of law subject to *de novo* review. *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003). The Appeals Council "will review a case if…it receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability the evidence would change the outcome of the decision." 20 C.F.R. § 404.970 (a)(5) (2017). Additionally, the Appeals

Council requires claimants to provide good cause for why the additional evidence was not submitted earlier or why notification of the evidence's existence was not provided five days prior to the hearing, as required by regulation. 20 C.F.R. § 404.970(b). If the court determines the additional evidence is new, material, and chronologically pertinent, but the Appeals Council failed to consider it, the case should be remanded to allow the Appeals Council to reevaluate the ALJ's decision in light of the additional evidence. *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004).

On November 2, 2018, the Appeals Council sent Mr. Gonzales' counsel a letter informing him that he had twenty-five days to submit additional evidence. (AR 31). Eight days later, Mr. Gonzales attended a psychological examination with Dr. Krueger. (AR 15). Dr. Krueger reviewed some of Mr. Gonzales' medical records, conducted his own mental status examination, and performed a series of tests. (AR 16-20). Dr. Krueger opined Mr. Gonzales was moderately to markedly impaired in most mental tasks, but minimally impaired in his abilities to understand, remember, and follow simple work instructions, and mildly impaired in his ability to carry out complex or detailed instructions. (AR 21-22). Additionally, Dr. Krueger opined Mr. Gonzales would be inconsistent in his work performance and likely often absent from work. (AR 21-22). Finally, Dr. Kruger opined Mr. Gonzales' impairments satisfied the criteria in listings 12.04, 12.06, and 12.15. (AR 25-28). In a letter dated December 10, 2018, Dr. Davidson wrote she "concurred" with Dr. Krueger's findings and conclusions. (AR 11).

On November 30, 2018, after the twenty-five-day deadline had expired, Mr. Gonzales' counsel submitted Dr. Krueger's evaluation and opinion to the Appeals Council. (AR 14). Mr. Gonzales' counsel requested another twenty-five-day extension to submit additional evidence. (AR 13). With no response from the Appeals Council, on

December 28, 2018, Mr. Gonzales' counsel submitted Dr. Davidson's December 2018 opinion. (AR 10). Nearly four months later, on April 10, 2019, the Appeals Council denied Mr. Gonzales' counsel's request for additional time. (AR 8). On April 17, 2019, the Appeals Council denied Mr. Gonzales' request to review the ALJ's decision. (AR 1). Specifically, the Appeals Council stated Drs. Krueger and Davidson's evaluations and opinions did "not relate to the period at issue," and "therefore, it did not affect the decision about whether you were disabled" on or before the decision date. (AR 2). Accordingly, the question before the Court is whether Drs. Krueger and Davidson's opinions are new, material, and chronologically pertinent evidence.

### i. Whether the Evidence is "New"

First, Mr. Gonzales argues Drs. Krueger and Davidson's evaluations are new because they contain evidence that was not in existence prior to the October 2018 decision. (Doc. 17 at 14). Further, Mr. Gonzales contends the evidence is not duplicative because Dr. Krueger conducted psychological tests not otherwise present in the record. *Id.* The Commissioner does not address this argument. (Doc. 21 at 11-13).

Evidence submitted to the Appeals Council is considered new "if it is not duplicative or cumulative" of other evidence in the record. *Threet*, 353 F.3d at 1191 (citation omitted). Here, Drs. Krueger and Davidson's opinions contain psychological tests and limitations not otherwise provided in the record. As a result, their opinions are neither duplicative nor cumulative—an issue the Commissioner does not contest. Accordingly, after reviewing the record, the Court agrees with Mr. Gonzales that the evidence before the Appeals Council was neither duplicative nor cumulative, and thus qualifies as new.

### ii. Whether the Evidence is "Material"

Second, Mr. Gonzales argues Drs. Krueger and Davidson's opinions are material because there is a reasonable probability the opinions would change the outcome of the ALJ's decision. (Doc. 17 at 14). Specifically, Mr. Gonzales contends Drs. Krueger and Davidson's opinions contain mental limitations more restrictive than the ALJ's RFC, and if adopted, these limitations would preclude Mr. Gonzales' ability to work. *Id.* at 15. The Commissioner does not address this argument. (Doc. 21 at 11-13).

Under the prior regulations, evidence was considered material "if there [was] a reasonable *possibility* that it would have changed the outcome." *Threet*, 353 F.3d at 1191 (emphasis added) (brackets and quotation omitted). Under the current regulations, a claimant must show "there is a reasonable *probability* that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5) (emphasis added). In the District of New Mexico, this change has been interpreted to "heighten[] the claimant's burden to prove materiality . . . ." *Bisbee v. Berryhill*, No. 18-cv-0731 SMV, 2019 WL 1129459, at *3 n.5 (D.N.M. Mar. 12, 2019) (unpublished). While the "reasonable probability" requirement is presented in the new regulations as a separate element, courts have historically construed this clause to serve as a requirement for proving materiality. *Compare* 20 C.F.R. § 416.1470(a)(5) (2017) *with Threet*, 353 F.3d at 1191.

Dr. Krueger opined Mr. Gonzales was moderately to markedly impaired in most mental tasks and minimally to mildly impaired in his ability to carry out simple and complex instructions. (AR 21-22). Additionally, Dr. Krueger opined Mr. Gonzales would be inconsistent in his work performance and likely often absent from work. (AR 21-22). Dr. Davidson "concurred" with Dr. Krueger's conclusions. (AR 11). In comparison, the

ALJ's RFC limited Mr. Gonzales to performing simple, routine tasks, occasional interaction with supervisors, co-workers, and the public, and limited ability to adapt to changes in a routine work setting. (AR 43).

While some of Drs. Krueger and Davidson's prescribed limitations are not as restrictive as the ALJ's RFC assessment, other portions of their opinions offer more restrictive limitations than those provided in the ALJ's decision. For example, the prospect of frequent absences from work calls into question Mr. Gonzales' ability to sustain fulltime work. *See* SSR 96-8p (defining fulltime work as an ability to work on a continuing and regular basis eight hours per day, five days per week). The Commissioner put forth no argument on whether Drs. Krueger and Davidson's opinions have a reasonable probability of changing the decision's outcome. Accordingly, after reviewing the record, the Court agrees with Mr. Gonzales that Drs. Krueger and Davidson's opinions would have a reasonable probability of changing the outcome of the ALJ's decision, and thus, their opinions qualify as material.

### iii.   Whether the Evidence is "Chronologically Pertinent"

Finally, Mr. Gonzales argues Drs. Krueger and Davidson's opinions are chronologically pertinent because they relate back to Mr. Gonzales' previously diagnosed impairments and hearing testimony. (Doc. 17 at 16). In response, the Commissioner contends the Appeals Council considered the evidence but found it did not affect the ALJ's decision, and therefore, concluded it was not chronologically pertinent. (Doc. 21 at 11-12). In addition, the Commissioner argues the policy objective behind the "good cause" requirement was to prohibit the late submission of evidence. *Id.* at 12. As such, the Commissioner asserts Mr. Gonzales' untimely submission of evidence thwarts this policy objective, and therefore, the Court should rule against Mr.

Gonzales on these grounds. *Id.* at 12-13.

Pursuant to Social Security regulations, the Appeals Council requires additional evidence "relate[] to the period on or before the date of the hearing decision." 20 C.F.R. § 404.970(a)(5). The Tenth Circuit has found newly submitted evidence is chronologically pertinent if it corroborates a prior diagnosis or a claimant's hearing testimony, and the evidence need not pre-date the ALJ's decision. *Padilla v. Colvin*, 525 F. App'x 710, 713 (10th Cir. 2013). As such, the additional evidence does not need to include a retrospective opinion about the claimant's limitations prior to the ALJ's opinion. *Id.* On the other hand, the Appeals Council is not required to consider additional evidence that is related to a possible impairment the claimant had not complained of and was not introduced at the hearing. *See Chambers*, 389 F.3d at 1144. Further, even if the additional evidence is new, material, and chronologically pertinent, it will not be reviewed if the claimant did not provide "good cause" for failing to submit the evidence earlier or notifying the ALJ of the evidence's existence five days prior to the hearing, as required by regulation. 20 C.F.R. § 404.970(a)(5).

Dr. Krueger's evaluation and opinion, and Dr. Davidson's concurring opinion, are dated after the ALJ's decision. (AR 11, 31, 49). Thus, to be chronologically pertinent, the opinions must relate back to the period at issue, such that they corroborate a prior diagnosis or Mr. Gonzales' hearing testimony. *See Padilla*, 525 Fed. Appx. at 713. In Dr. Krueger's evaluation and opinion, he affirmed Mr. Gonzales' diagnoses of PTSD and depression, and he outlined symptoms and limitations caused by these impairments. (AR 15-22, 25-28). Additionally, at the hearing, Mr. Gonzales testified about symptoms caused by his PTSD and depression. (AR 69-70, 72-74). Thus, Dr. Krueger's evaluation and opinion corroborate both Mr. Gonzales' prior diagnoses and

his hearing testimony. Further, because Dr. Davidson "concurred" with Dr. Krueger's opinion, her opinion similarly corroborates Mr. Gonzales' prior diagnoses and hearing testimony.

The Commissioner argues that because the Appeals Council found the additional evidence did not affect the ALJ's decision, it was therefore not chronologically relevant. (Doc. 21 at 11-12). Yet, contrary to the Commissioner's argument, Social Security regulations define evidence as chronologically relevant when it "relates to the period on or before the date of the hearing decision." 20 C.F.R. § 404.970(a)(5). Whether the evidence affects the outcome of the ALJ's decision is a question of materiality, and therefore has no bearing on the analysis of chronological pertinence.

Next, the Commissioner argues Mr. Gonzales' late submission of evidence thwarts the policy objective of requiring "good cause" for untimely submitted evidence. (Doc. 21 at 12-13). However, in the Appeals Council's letter denying review, it made no mention of Mr. Gonzales' failure to show good cause. (AR 2). Similarly, the April 2019 letter from the Appeals Council was silent on the good cause requirement. (AR 8). In the November 2018 letter, the Appeals Council wrote that "this letter is not a finding of good cause," yet they allowed Mr. Gonzales to submit additional evidence. (AR 31). While the Appeals Council mentioned the good cause requirement in at least one of its letters, they failed to enforce its requirements or otherwise waived Mr. Gonzales' required showing. As a result, the Court finds the Commissioner's attempt to use the good cause requirement to disqualify Mr. Gonzales' evidence from review is an impermissible post-hoc rationalization. *See Carpenter v. Astrue*, 537 F.3d 1264, 1267 (10th Cir. 2008) (the Court will not make a post hoc effort to "salvage [an] ALJ's decision") (citation omitted); *Emmons v. Saul*, No. CV 19-0102 KBM, 2020 WL 376708, at *5 (D.N.M. Jan. 23, 2020)

(unpublished) (denying the Commissioner's post-hoc good cause argument where it was not the reason actually offered by the Appeals Council for denial of review).

In sum, the Court finds Dr. Krueger's evaluation and opinion, as well as Dr. Davidson's concurring opinion, corroborate Mr. Gonzales' prior diagnoses and hearing testimony. Thus, even though they are dated after the ALJ's decision, the Court finds this evidence "chronologically pertinent."

## V.    Conclusion

For the foregoing reasons, the Court finds the Appeals Council erred in denying review of Mr. Gonzales' evidence because it was new, material, and chronologically pertinent. In addition, because the Court finds this is a harmful error, the Court will not address Mr. Gonzales' remaining arguments.

**IT IS THEREFORE ORDERED** that Mr. Gonzales' *Motion to Reverse and Remand for a Rehearing With Supporting Memorandum*, (Doc. 17), is **GRANTED** and this case is to be **REMANDED** for further administrative proceedings before the Appeals Council consistent with this opinion.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE